BRENARD MFG. CO. *v.* FERGUSON.*

(Division B. Oct. 22, 1928.)

[118 So. 444. No. 27305.]

*Corpus Juris-Cyc References: Attorney and Client, 6CJ, section 182, p. 670, n. 40.

*Welch & Cooper, Roy P. Noble* and *Jas. T. Welch,* for appellant.

*Deavours & Hilbun,* for appellee.

ETHRIDGE, P. J. The Brenard Manufacturing Company brought suit against the appellee upon certain instruments executed by him, evidencing the purchase money for certain graphophones sold to appellee by an agent of the appellant. At the time of sale, a contract, in writing, was entered into, under the terms of which, in addition to the phonographs, certain further rights were granted to the appellee.

Appellee purchased six of these graphophones, and, on the trial, contended that he had an understanding with the agent at the time of the purchase that, if he could not sell the graphophones, he (the agent) would come back and sell them for him, or else would take them back.

The suit was instituted originally in the court of a justice of the peace, and was appealed from that court to the county and circuit courts, in turn, and the issues or pleadings were verbal.

When this evidence as to the agreement had with the agent was offered, it was objected to on the ground that it would vary the terms of the written contract. The contract made at the time of the purchase provided, among other things, that, "in consideration of tying up exclusive territory and in order to protect you in your expenditures this order cannot be countermanded."

After this evidence was received by the court, the defendant further testified that he had settled the matter with an attorney representing the appellant; that the defendant gave such attorney a check for eighteen dollars and forty cents, in full settlement of all demands; that said check was made payable to the Brenard Manufacturing Company, and that the trade acceptances were delivered to the defendant by the attorney; that the check, after having been so made and delivered to such attorney, was paid by the bank on which it was drawn;

and further, that no notice of complaint of said settlement was made for several years, and that the check given and paid as above stated had been lost.

This evidence was objected to on the ground that the attorney who made the settlement did not have a right to compromise the claim for less than the full face value thereof, and that the settlement made showed that it was for much less than the face value of the claim.

The appellant did not introduce any other evidence, except the contract and the copies of the trade acceptances, which were identified by the defendant, but rested its case.

It is true that as a matter of law the mere retaining of an attorney or the employment of him does not authorize such attorney to compromise the subject-matter of a litigation without the consent of his client; but it is a rather common, and certainly a very frequent, practice for attorneys having such claims to negotiate settlements of compromise, usually, of course, getting specific authority to do so.

The attorney is an officer of the court, under high and solemn duty to conduct himself in a moral, upright manner in the transaction of his professional business; and, where a settlement is made by him, and where the instruments evidencing the debt have been delivered by him to the opposite party, and a check taken in the name of his client, and the check paid by the bank on which it was drawn, and no complaint of the settlement made for three, four, or five years, these facts are sufficient to warrant an inference or presumption that authority had been obtained by the attorney to make such settlement.

The Brenard Manufacturing Company could, of course, have promptly repudiated the settlement, and should have returned the check with reasonable promptness. There is nothing to show that the client, appellant here, was misled, in any respect, by the settlement; but it is shown that the check, made payable to the company, had

been paid by the bank; and for a long time thereafter no complaint was made and no demand made against the defendant for the settlement of the debt evidenced by the contract of sale and acceptances. This being true, this alone would have warranted the court in granting a peremptory instruction for the defendant.

It is not necessary, therefore, to decide the other question as to whether a verbal contract, or verbal agreement, between the agent and the defendant, was admissible.

The case did not go to the jury, but was decided by the court, and a peremptory instruction awarded the defendant, followed by a judgment in his favor.

As stated, we think the court was warranted, from the evidence, in its finding, and that the peremptory instruction was properly given. The judgment will therefore be affirmed.

*Affirmed.*